UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALEXANDER WEATHERSPOON,<br><br>Plaintiff,<br><br>v.<br><br>KENNY, *et al.*,<br><br>Defendants. | CAUSE NO. 2:25-CV-574-PPS-JEM |

**ORDER**

Alexander Weatherspoon, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 pertaining to his detention at the Tippecanoe County Jail. [DE 1]. The complaint is 64 pages long pages, names 35 defendants, and has extraneous documents interspersed within his factual allegations, some with notes written on them. Federal Rule of Civil Procedure 8 requires a complaint to be "presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003) (holding that Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Even giving the complaint liberal construction, it does not meet this standard.

Additionally, the complaint contains a variety of claims, including that four unknown officers used excessive force against him when he was being booked at the jail in August 2025, medical staff delayed in providing treatment for a seizure disorder

when he arrived at the jail, a nurse denied him care for an ear condition in September 2025, a different correctional officer denied him a lower bunk pass even though he has back problems, and another group of officers used excessive force against him when they were transporting him to a medical observation unit in September 2025. Prisoners cannot combine unrelated claims against unrelated defendants in one lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George*, 507 F.3d at 607. In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* The Seventh Circuit has urged district courts to be alert to this issue to "ensure manageable litigation" and to prevent prisoners from avoiding the provisions of the Prison Litigation Reform Act, including the filing fee and three-strikes provisions. *Henderson v. Wall*, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

Therefore, the complaint will be stricken, and Weatherspoon must decide which related claims he wants to pursue in this case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). He should obtain another blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form from the law library, put this case number on it, complete all the questions on the form to the best of

his ability, and briefly summarize the facts supporting his claim(s) against each defendant. He should limit the narrative section to five pages unless greater length is unavoidable, and he is not required to submit evidence at this stage.

For these reasons, the court:

(1) **STRIKES** the complaint [DE 1] without requiring the clerk to seal it on the docket;

(2) **GRANTS** the plaintiff until **February 3, 2026**, to file an amended complaint as outlined in this order; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal without further notice for lack of prosecution.

**SO ORDERED**.

ENTERED: January 2, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT