UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALEXANDER WEATHERSPOON,

Plaintiff,

v.

KENNY, et al.,

Defendants.

CAUSE NO. 2:25-CV-574-PPS-JEM

OPINION AND ORDER

Alexander Weatherspoon, a prisoner without counsel, filed an amended

complaint under 42 U.S.C. § 1983. (ECF 11.) His original complaint, which was 64 pages

long and named 35 defendants, was stricken as overlength and confusing, but I

afforded him an opportunity to replead. (ECF 4.) This amended complaint followed.

As required by 28 U.S.C. § 1915A, I must screen the amended complaint and

dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

To proceed beyond the pleading stage, a complaint must "state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Weatherspoon was previously ordered to show cause why he did not pay the initial partial
filing fee promptly after the *in forma pauperis* order issued, but he subsequently paid the full $350.00 fee.
(ECF 18.) Therefore, the case can proceed to screening.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Weatherspoon is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Weatherspoon is currently incarcerated at the Tippecanoe County Jail. Public records indicate that in early May 2026, he was convicted of a criminal offense and sentenced to a term of incarceration.[2] *State v. Weatherspoon,* No. 79C01-2508-F4-000032 (Tippecanoe Cir. Ct. closed May 6, 2026.) The amended complaint stems from an event that occurred when he was a pretrial detainee. Specifically, he claims that on or about August 2025, he suffered a seizure and fell off the top bunk of a bunk bed. He claims he previously reported to jail staff that he had a seizure disorder and, per medical staff, should be assigned to a bottom bunk, but they did not move him. He claims the fall caused pain and injury to his back, head, wrist, and ankle. He further claims that Officer Clark (first name unknown) responded to his requests for help, but the two got into some type of verbal dispute, which ended in Officer Clark shocking Weatherspoon with a taser. He claims he was not resisting or doing anything wrong to justify the use of force. Based on these events, he sues more than twenty defendants for $3 million and other relief.

Because he was a pretrial detainee when these events occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's Due Process Clause prohibits subjecting pretrial

---

[2] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

detainees to conditions that are "objectively unreasonable." *Kemp v. Fulton Cnty.*, 27

F.4th 491, 495 (7th Cir. 2022). Whether this standard is satisfied "turns on the facts and

circumstances of each particular case." *Id.* (citation omitted). To state a plausible claim, a

plaintiff must allege:

> (1) the defendant made an intentional decision regarding the conditions of
> the plaintiff's confinement; (2) those conditions put the plaintiff at
> substantial risk of suffering serious harm; (3) the defendant did not take
> reasonable available measures to abate the risk, even though a reasonable
> officer in the circumstances would have appreciated the high degree of
> risk involved, making the consequences of the defendant's inaction
> obvious; and (4) the defendant, by not taking such measures, caused the
> plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Allegations of negligence, even "gross

negligence," do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Here, Weatherspoon claims that Captain Miller (first name unknown), Assistant

Jail Commander Carrie Morgan, and Chief Deputy Terry Ruley were well aware of his

need for a bottom bunk based on his written requests and emails from medical staff

alerting them that he had a seizure disorder. It can be discerned from his allegations

that these individuals had the power to reassign him to a different bed, but they

allegedly did nothing to move him. As a result, he fell from the top bunk and injured

himself. He has plausibly alleged a Fourteenth Amendment claim against these

individuals.

He also sues the Tippecanoe County Sheriff and the Chief of the Lafayette Police

Department, stating that these officials are in charge and are "supposed to oversee

[their] officers." However, there is no general *respondeat superior* liability under 42 U.S.C.

§ 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Instead, supervisors can be held liable for a constitutional violation committed by a subordinate only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). It cannot be plausibly inferred from the information he provides that these high-ranking officials were personally aware of a problem with one individual detainee's bunk assignment and condoned, facilitated, or approved of the failure of jail staff to move him. He has not stated a claim against these individuals.

He also sues thirteen jail guards, based on the fact that he mentioned the bed problem to each of them, but this alone cannot support a claim for damages. As the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . . [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [a resolution of the problem]. That can't be right.

*Burks*, 555 F.3d at 595. It cannot be plausibly inferred from what Weatherspoon has alleged that the jail guards were responsible for assigning beds. "The most one can say is that [they] did nothing, when [they] might have gone beyond the requirements of [their] job and tried to help him." *Id.* at 596. This does not state a claim for damages under section 1983. *Id.*

4

Similarly, he sues four nurses, because in his view they did not do enough to have him moved to a bottom bunk. However, it is clear from his allegations that medical staff sent multiple requests to jail officials to try to get him moved to a bottom bunk. The nurses cannot be held responsible for the "misdeeds" of jail officials in failing to move him, nor can it be plausibly inferred that the nurses acted in an objectively unreasonable fashion with respect to their own job duties.[3] *Burks*, 555 F.3d at 596. He will not be permitted to proceed against these individuals. He also sues the jail itself, but this is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Finally, he sues Officer Clark for shocking him with a taser after he fell from the top bunk. To allege an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, and the extent of any injuries the plaintiff suffered. *Id.*

Under these standards, Weatherspoon has alleged a plausible excessive force claim against Officer Clark. He claims he was injured and not posing any threat, but the officer allegedly shocked him a taser, causing him pain. Although it appears there may

---

[3] He mentions that one nurse spoke harshly to him and directed him to stop filing medical grievances related to this issue. However, it can be inferred that she also told him she had contacted jail officials on his behalf about the need for a bed move. It can be inferred this nurse was merely instructing him, if somewhat inartfully, that the medical department was not the problem and that he should direct his efforts elsewhere. Such conduct cannot be deemed objectively unreasonable under the circumstances.

be more to the story than Weatherspoon has described, at this stage, I must accept his account as true. He will be permitted to proceed on a claim for damages against Officer Clark.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Captain Miller (first name unknown), Assistant Jail Commander Carrie Morgan, and Chief Deputy Terry Ruley in their personal capacity for money damages for failing to move him to a bottom bunk, causing him to fall and injure himself in August 2025, in violation of the Fourteenth Amendment;

(2) GRANTS the plaintiff leave to proceed against Officer Clark (first name unknown) in his personal capacity for money damages for using excessive force against the plaintiff after he fell from his bunk in August 2025, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Kenny, Perez, Magallanes, Sancho, Swindle, Ferguson, Stamm, Coomey, Sims, Monge, Mansfield, Gomez, Bisher, Sam, Flores, Jon Doe, Jon Doe Nurse, Scott Galloway, Robert Goldsmith, and Tippecanoe County Jail as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Captain Miller (first name unknown), Assistant Jail Commander Carrie Morgan, Chief Deputy Terry Ruley, and Officer Clark (first name unknown) at the Tippecanoe County

6

Jail with a copy of this order and the amended complaint (ECF 11) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Tippecanoe County Sheriff to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) ORDERS Captain Miller (first name unknown), Assistant Jail Commander Carrie Morgan, Chief Deputy Terry Ruley, and Officer Clark (first name unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: May 12, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT