UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALEXANDER WEATHERSPOON,

Plaintiff,

v.

CLARK, et al.,

Defendants.

CAUSE NO. 2:25-CV-574-PPS-JEM

OPINION AND ORDER

Alexander Weatherspoon, a prisoner without counsel, filed a second amended complaint under 42 U.S.C. § 1983. (ECF 46.) As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Weatherspoon is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Weatherspoon is currently incarcerated at Putnamville Correctional Facility serving a criminal sentence.[1] His claims stem from an incident that occurred when he was a pretrial detainee at the Tippecanoe County Jail in 2025. (ECF 46 at 1.) He claims that shortly after his arrival at the jail in August 2025, he told Captain Donald Miller, Assistant Jail Commander Carrie Morgan, and Chief Deputy Terry Ruley that he had a seizure disorder and needed a bottom bunk. He was nevertheless assigned to a top bunk. He claims medical staff intervened on his behalf and contacted jail officials about his need for a bottom bunk assignment, but these officials still did nothing to move him. On or about September 6, 2025, he suffered a seizure and fell off the top bunk. He further claims that Officer Bailey Clark shocked him using an electric glove the next day after a dispute seemingly involving his bunk assignment. Weatherspoon claims he was not resisting or doing anything wrong to justify the use of force by Officer Clark. Based on these events, he sues the above individuals for monetary damages.

Before proceeding to screening, I must address a pending motion to dismiss filed by three of the Defendants. (ECF 33.) By way of explanation, Weatherspoon was previously granted leave to proceed against the above individuals on Fourteenth Amendment claims based on allegations made in his first amended complaint. (ECF 22.) In that pleading, he alleged that he had fallen from the bunk on August 11, 2026. (*See id.*) Officer Clark filed an answer (ECF 32), but the other three Defendants moved to

---

[1] Public records indicate that in May 2026, Weatherspoon was convicted of possession of a firearm by a serious violent felon in Tippecanoe County. *State v. Weatherspoon,* No. 79C01-2508-F4-000032 (Tippecanoe Cir. Ct. closed May 6, 2026). I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 33.) They argued that Weatherspoon's arrest records showed he had only just arrived at the jail the day prior to the fall, such that they did not have sufficient notice of his seizure disorder to support a plausible Fourteenth Amendment claim. (ECF 34.)

Thereafter, Weatherspoon filed documents explaining that another inmate had assisted him in preparing his earlier pleading and had listed the wrong date of his fall. (*See* ECF 45.) Based on this error, he was granted leave to file a second amended complaint listing the correct date of the incident—September 6, 2025. (*Id.*; ECF 46.) "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Because Weatherspoon's second amended complaint supersedes his first amended complaint and controls the case from this point forward, the motion to dismiss his first amended complaint is now moot.[2] *See Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2020 WL 1660044, at *1 (N.D. Ind. Mar. 31, 2020) ("[C]ourts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies." (citation omitted)). The motion will be denied, and I will proceed to screen the second amended complaint under § 1915A.

---

[2] Defendants have not asked to apply their motion to dismiss to Weatherspoon's second amended complaint, but even if they did, the argument raised in their motion is no longer viable. In consideration of public records and accepting the allegations in Weatherspoon's second amended complaint as true, he was at the jail for almost a month before the fall occurred. (*See* ECF 46; *see also* ECF 34.)

Because Weatherspoon was a pretrial detainee when this incident occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's Due Process Clause prohibits subjecting pretrial detainees to conditions that are "objectively unreasonable." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022). Whether this standard is satisfied "turns on the facts and circumstances of each particular case." *Id.* (citation omitted). To state a plausible claim, a plaintiff must allege:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Allegations of negligence, even "gross negligence," do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Here, Weatherspoon claims that Assistant Commander Morgan, Chief Deputy Ruley, and Captain Miller were all aware of his need for a bottom bunk based on his communications and those of medical staff. Despite this knowledge, they allegedly did nothing to move him to a lower bunk. As a result, he fell from the top bunk and injured himself. He has plausibly alleged a Fourteenth Amendment claim against these individuals.

He additionally sues Captain Miller for denying him medical care after this incident. To assert a Fourteenth Amendment violation based on the denial of medical

care, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

Weatherspoon does not outline the nature of his injuries in any detail, but it can be plausibly inferred that he had a serious medical need after he lost consciousness and fell several feet from the top bunk to the floor. His pleading can be read to allege that a nurse felt he should be examined at an outside medical facility, but Captain Miller allegedly refused to permit this. He has alleged enough to proceed further on this claim.

He also sues Officer Clark for shocking him with an electric glove. To allege an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, and the extent of any injuries the plaintiff suffered. *Id.*

Under these standards, Weatherspoon has alleged a plausible excessive force claim against Officer Clark. He claims he was injured not posing any threat, but the officer allegedly shocked him with an electric glove, causing him pain. At this stage, I

must accept Weatherspoon's account as true. He will be permitted to proceed on a claim for damages against Officer Clark.

For these reasons, the court:

(1) DENIES the Defendants' motion to dismiss as moot (ECF 33);

(2) GRANTS the plaintiff leave to proceed against Captain Donald Miller, Assistant Jail Commander Carrie Morgan, and Chief Deputy Terry Ruley in their personal capacity for money damages for failing to move him to a bottom bunk despite his seizure disorder in violation of the Fourteenth Amendment, causing him to fall and injure himself on or about September 6, 2025;

(3) GRANTS the plaintiff leave to proceed against Captain Donald Miller in his personal capacity for money damages for denying him needed medical attention after the fall in violation of the Fourteenth Amendment;

(4) GRANTS the plaintiff leave to proceed against Officer Bailey Clark in his personal capacity for money damages for using excessive force against the plaintiff by shocking him with an electric glove on or about September 7, 2025;

(5) DISMISSES all other claims; and

(6) ORDERS Captain Donald Miller, Assistant Jail Commander Carrie Morgan, Chief Deputy Terry Ruley, and Officer Bailey Clark to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: September 24, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT